IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARLEEN CAMPOS, as parent and next
friend of J.C., a minor,

        Plaintiff,

v.   No. CIV-04-1336 BB/DJS

LAWRENCE MURRAY and CHAD DAVIS,
in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 7), based upon Eleventh Amendment immunity as to plaintiff's state claims. Defendants' earlier motion to dismiss based upon qualified immunity (Doc. 9) was voluntarily withdrawn.

## I. BACKGROUND

Plaintiff Karleen Campos, mother of minor J.C., (hereinafter "Plaintiff") alleges that two law enforcement officers of the New Mexico State Police had credible knowledge that J.C. was being sexually abused by Mr. Manuel Hector Chacon-Lozano in Plaintiff's home. Plaintiff alleges that Defendants' failure to notify Plaintiff that Mr. Chacon-Lozano was under investigation, and Defendant Murray's instruction to Plaintiff's family not to inform Plaintiff of that fact, created a dangerous situation. Plaintiff further alleges that Mr. Chacon-Lozano sexually abused J.C. from July 28, 2001 until January 3, 2002 while living in Plaintiff's home. During this time, J.C. was eight years of age, having been born on May 23, 1993.

Defendants have moved to dismiss the state tort claims, arguing that the Eleventh Amendment bars this Court from hearing state tort claims seeking monetary damages from employees of a state when the employees are sued in their individual capacities.

### III. DISCUSSION

I.  Eleventh Amendment Immunity

Defendants have asserted that the Eleventh Amendment bars this Court from hearing Plaintiff's claims under the New Mexico Tort Claims Act.  Specifically, Defendants suggest that this Court may not hear Plaintiff's claims even where Plaintiff has clearly named the Defendants in their individual capacities in her complaint.  Defendants misunderstand the law regarding the scope of the Eleventh Amendment.

It is well settled that, "[a]s a general rule, suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment." Cornforth v. University of Oklahoma Bd. of Regents, 263 F.3d 1129, 1132 (10th Cir. 2001).  See also Reames v. Oklahoma ex rel. OK Health Care Authority,  411 F.3d 1164, 1168 (10th Cir. 2005) ("[t]he Eleventh Amendment does not prevent plaintiffs from bringing suits against state officials . . .  in their individual and personal capacities."); Duke v. Grady Mun. Schs., 127 F.3d 972, 974 (10th Cir. 1997) (citing Watson v. University of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996)) ("Eleventh Amendment immunity . . . extends only to the states and governmental entities that are 'arms of the state.")(internal quotations omitted); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997)(". . . the Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities.").

Defendants improperly emphasize whether the state employee was "acting within the scope of their employment." As the Tenth Circuit has held, "a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, *so long as the relief is sought not from the state treasury but from the officer personally*." See Cornforth, 263 F.3d at 1132 (citing Alden v. Maine, 527 U.S. 706, 757 (1999)) (emphasis added). Therefore, in a suit for money damages, we look to the complaint to determine whether an officer is to be held personally liable or whether the state would be liable. Id. This is consistent with the primary object of the Eleventh Amendment, which is to protect state treasuries from monetary judgments obtained in federal courts. See id.

Defendants fail to direct the Court's attention to any case, and the Court is not aware of any case, holding that the Eleventh Amendment forbids federal courts from hearing state law claims against state officials sued in their individual capacity. Quite to the contrary, the cases relied upon by Defendants simply restate the general rules of law outlined above.

First, Defendants cite Ward v. Presbyterian Health Services. Defs. Mot. to Dismiss at 5. In that case, the Court stated the general rule that "[t]he Eleventh Amendment bars suits against states in federal courts for damages allegedly caused by states, state agencies and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action." 72 F. Supp. 2d 1285, 1289 (D.N.M. 1999). Defendants cannot rely on Ward, as it is a case in which the Court held the plaintiffs were seeking to recover from an agency of the State. Id. The case at bar, however, involves a suit against state officials *in their individual capacities.*

3

Second, Defendants would rely upon Bishop v. Doe, 902 F. 2d 809, 810 (10th Cir. 1990) (Defs. Mot. Dismiss at 5). Again, Defendants' reliance is misplaced. Bishop merely stated and applied the familiar rule that "[t]he Eleventh Amendment generally bars lawsuits in federal courts seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." Id. at 810. Again, in this case, Plaintiffs have clearly asserted claims against Defendants in their individual capacities, such that both Ward and Bishop are inapplicable.

A review of Tenth Circuit precedent dictates that Defendants' motion to dismiss based on the Eleventh Amendment must be denied.

## V. ORDER

It is hereby ORDERED that Defendants' Motion to Dismiss (Doc. 7) is DENIED.

**DATED** at Albuquerque, this 19th day of August, 2005.

                                                                                    _____
                                                                                    BRUCE D. BLACK
                                                                                    United States District Judge

Attorneys:

For Plaintiff
        Kennedy & Han, P.C.
        Paul J. Kennedy
        Mary Y.C. Han
        Adam S. Baker
        201 Twelfth Street, N.W.
        Albuquerque, N.M. 87102
        (505) 642-8662

For Defendant
    Sean Olivas
    P.O. Box AA
    Albuquerque, N.M. 87103
    (505) 346-4646